FILED

**NOT FOR PUBLICATION**

AUG 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANAL INDEMNITY COMPANY, a foreign corporation, | No. 10-35761 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-05561-BHS |
| v. | MEMORANDUM[*] |
| ADAIR HOMES INC., a Washington Corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted June 6, 2011
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and GONZALEZ, Chief District Judge.[**]

In this insurance coverage dispute, Appellant Adair Homes, Inc. (Adair

Homes), a construction company, was sued by Tammy and Daniel Pearson (the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Irma E. Gonzalez, Chief District Judge for the United States District Court, Southern District of California, sitting by designation.

Pearsons) for the alleged defective construction of their residence. The Pearsons averred that water intrusion into their residence resulted in property damage and bodily injury stemming from mold exposure. Adair Homes tendered the lawsuit to its insurer, Appellee Canal Indemnity Co. (Canal), which filed a declaratory action regarding its duty to defend while providing a defense under a reservation of rights. Adair Homes challenges the district court's grant of summary judgment in Canal's favor based on the insurance policies' exclusions.

In this declaratory judgment action, the district court properly granted summary judgment because Adair Homes failed to raise a material factual dispute regarding Canal's duty to defend. *See American Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010) (en banc), *as corrected* ("When the facts or the law affecting coverage is disputed, the insurer may defend under a reservation of rights until coverage is settled in a declaratory action.") (citation omitted). Canal presented undisputed evidence that the Pearsons' property damage and bodily injury claims occurred after Adair Homes completed the construction of the residence. Summary judgment was warranted because the insurance policies' products-completed operations hazard (PCOH) exclusion unambiguously barred coverage for any post-construction claims. *See Moeller v. Farmers Ins. Co. of Wash.*, 229 P.3d 857, 861 (Wash. App. 2010) ("When faced with clear and

2

unambiguous language, we enforce the policy as written.") (citation omitted); *see also Goodwin v. Wright*, 6 P.3d 1, 8 (Wash. App. 2000) (holding that a similar PCOH exclusion unambiguously barred coverage for completed work).

In any event, Canal did not have a duty to defend against property damage claims that occurred during construction pursuant to the insurance policies' J(5) and J(6) business risk exclusions. Coverage was barred because these exclusions applied to all of Adair Homes' ongoing operations during the construction of the residence, as well as to direct damages stemming from the alleged defective construction. *See Vandivort Constr. Co. v. Seattle Tennis Club*, 522 P.2d 198, 201 (Wash. App. 1974) (holding that a similar business risk exclusion barred coverage for work performed by the insured on any part of the property); *see also Harrison Plumbing & Heating, Inc. v. New Hamphsire Ins. Grp.*, 681 P.2d 875, 879 (Wash. App. 1984) (holding that the business risk exclusion barred coverage for all direct damages stemming from defective construction).

Summary judgment was also warranted because the insurance policies' mold exclusion unambiguously barred coverage for the Pearsons' bodily injury claims premised on mold exposure. *See Nw. Bedding Co. v. Nat'l Fire Ins. Co. of Hartford*, 225 P.3d 484, 488 (Wash. App. 2010) ("And, while we strictly construe exclusions, strict construction should not overcome plain, clear language . . .")

3

(citation and internal quotation marks omitted). Because the post-construction water intrusion was not a covered peril, the efficient proximate cause doctrine does not nullify the mold exclusion. *See id.* at 488-89.

The district court, therefore, properly held that Canal did not have a duty to defend the Pearsons' bodily injury and property damage claims.[1]

**AFFIRMED.**

---

[1] We deny Adair Homes' Motion To Certify Questions To The Supreme Court Of Washington filed on June 9, 2011.